## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 07-60150
# CIV-COOKE

MAGISTRATE JUDGE
BROWN

DWAYNE E. FOSTER,

               Plaintiff,

vs.

NORMAN MINETA, as Secretary
of the United States Department of
Transportation,

               Agency.

_____/

**CASE NO.**

**COMPLAINT**

FILED by _____ D.C.
INTAKE

FEB - 6 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

      Plaintiff, **DWAYNE E. FOSTER**, through his undersigned counsel, hereby files this Complaint, against the Defendant, NORMAN MINETA, as Secretary of United States Department of Transportation; and Plaintiff states as follows:

## I.
## JURISDICTION

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.* The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights, secured by 42 U.S.C. Section 2000(e), *et seq.,* against racial discrimination in the workplace.

2.     Plaintiff also brings this case under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-3(a), which

1

forbids employers from retaliating, or from taking adverse personnel action against employees, who exercise their lawful and protected rights under Title VII.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. Section 1343(3).

4. Venue is properly placed in this district, pursuant to 28 U.S.C. Section 1391(b), because it is where all of the parties resided and where the events complained of occurred.

5. Plaintiff had previously filed a formal EEO Complaint regarding his prior suspension by the Agency; as well as allegations that he misused his government issued credit card; and that he was AWOL, as a result of being denied sick leave; and these allegations were used to further support the implementation of the mandatory suspension.

6. The Plaintiff has complied with all administrative prerequisites, which are necessary to file a law suit in federal district court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*; in that he filed appropriate charges of discrimination within the applicable time frames, and hence, he exhausted all pertinent administrative procedures.

7. Moreover, over one hundred (180) days have elapsed since the filing of the Plaintiff's formal EEO Complaint and the Agency has failed to complete the investigation of Plaintiff's Complaint; nor has the Agency issued a Final Agency

Decision; and hence, this matter may now be properly adjudicated by the federal district court.

## II.
## PARTIES

8.    At all material times herein, Plaintiff, DWAYNE E. FOSTER (hereinafter, referred to as, "FOSTER"), an African-American male, was a resident of Broward County, Florida; and he was an employee of the United States Department of Transportation, serving as an Airway Transportation System Specialist ("ATSS"), H-Level, under the jurisdiction of the Federal Aviation Administration. (hereinafter, referred to as, the "FAA").

9.    Defendant, NORMAN MINETA (hereinafter, referred to as, "MINETA"), is the Agency head of the United States Department of Transportation, and as such, he is responsible for the administration of personnel policies and practices applicable to federal employees under the jurisdiction of the Department of Transportation, including those employees who are employed by the FAA.

## III.
## FACTS

10.    Plaintiff had filed a prior EEO Complaint in 1999; and as a result, he suffered a series of subsequent adverse employment actions, including, but not limited to being falsely accused of being convicted of a felony.

11.    FOSTER was placed on an official travel assignment from October 31, 2003, through December 9, 2003.

12.  Prior Agency allegations regarding Plaintiff's improper use of an FAA credit card, which had purportedly occurred in April, 2004, had been previously dismissed by the Agency.

13.  More specifically, these allegations of misconduct had been previously dismissed on October 4, 2004; and in the past, whenever a disciplinary allegation had been withdrawn and or rescinded, the matter had been considered closed.

14.  However, on or about January 10, 2005, the Agency resurrected these same allegations, in an effort to further support its alleged justification for the Plaintiff's suspension.

15.  Plaintiff was scheduled to work from 6:00 a.m., through 4:00 p.m. on the following day, September 25, 2005; however, in accordance with Agency standard operating procedures, Plaintiff called the employer prior to the beginning of his assigned shift, on or about 1:41 a.m., to request sick leave, due to a flare up of a serious condition, known as Graves disease.

16.  When FOSTER called in sick at 1:41 a.m., prior to the beginning of his shift, he was instructed to contact management later that morning since no other supervisors were present during the early morning hours.

17.  FOSTER complied with this directive and hence, his shift was covered by another employee, with sufficient training and experience; therefore, there was no loss in the efficiency of the federal service, as a result of the Plaintiff's sudden illness.

4

18.     Nevertheless, management initiated a thirty (30) day suspension, as of January 10, 2005, within five days of a meeting, which was previously conducted by EEO Counselor Rick Killmon, on or about January 5, 2005, in the presence of FOSTER'S immediate supervisor, Scott Barrington.

**COUNT I**
**(VIOLATION OF TITLE VII, RACE DISCRIMINATION)**

19.     The Plaintiff restates and reavers the allegations contained in Paragraphs 1—18 of the Complaint, as if fully set forth herein.

20.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, considerations or race based reasons.

21.     The Plaintiff is an African-American male and he possessed the requisite qualifications and skills to be retained as an employee, enjoying uninterrupted service, and performing the job functions of an incumbent in the position known as, Airway Transportation System Specialist ("ATSS"), H-Level.

22.     The imposition of the suspension, based upon the Agency's AWOL rationale and its reliance on spurious credit card use allegations, were motivated on the basis of race based factors and considerations, in that similarly situated employees outside

of the protected class were not subjected to this type of harsh and punitive personnel action.

23. As a direct and proximate result of the Defendant's unlawful acts, FOSTER has suffered great and irreparable economic harm and other associated losses.

24. Moreover, as a further result of the Defendant's unlawful race based conduct, the Plaintiff has been compelled to retain undersigned counsel and he has incurred fees and costs.

**WHEREFORE,** the Plaintiff, **DWAYNE E. FOSTER,** respectfully requests that this Court enter judgment against the Defendant, Norman Mineta, as Secretary of the Department of the Treasury, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as well as compensatory damages;

B) Award the Plaintiff his costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT II
### (VIOLATION OF TITLE VII, RETALIATION)

25. The Plaintiff restates and reavers the allegations contained in Paragraphs 1—18 of the Complaint, as if fully set forth herein.

26.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-
      3(a), contains an anti-retaliation provision, forbidding employers from retaliating,
      or from taking adverse personnel action against employees, who exercise their
      lawful and protected rights under Title VII.

27.   Section 2000(e)-3(a) (1982) of Title VII of the Civil Rights Act of 1964, as
      amended, reads as follows:

      It shall be an unlawful employment practice for an employer to discriminate against
      any of his employees...because he has opposed any practice made an unlawful
      employment practice by this subchapter, or because he has made a charge, testified,
      assisted, or participated in any manner in an investigation, proceeding or hearing
      under this subchapter.

28.   The Plaintiff had filed previous equal employment opportunity ("EEO")
      complaints, prior to the implementation of the suspension and moreover,
      responsible management officials had prior knowledge of the filing of the instant
      EEO Complaint, within several days of the implementation of the punitive
      personnel action by the Agency.

29.   By filing the prior EEO complaint, and thereafter, notifying the Agency of the
      progression of the instant EEO Complaint, through meetings with supervisory
      personnel, FOSTER had a reasonable belief that the Defendant had engaged in
      unlawful conduct, in violation of Title VII of the Civil Rights Act of 1964, as
      amended, when he alleged that the employer removed him from the workplace
      and implemented the suspension, on the basis of race, racial factors and or racial
      considerations.

30. The implementation of the suspension, on or about January 10, 2005, constituted retaliatory conduct, and such conduct, knowingly and intentionally perpetrated by the Defendant employer, violated the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e-3(a) (1982).

31. As a result of the Defendant's retaliatory conduct, the Plaintiff has been compelled to retain undersigned counsel and the Plaintiff has incurred fees and costs.

   **WHEREFORE**, the Plaintiff, **DWAYNE E. FOSTER**, respectfully requests that this Court enter judgment against the Defendant, Norman Mineta, as Secretary of the Department of Transportation, and find that the Defendant indeed violated the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a), and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay;

B) Award the Plaintiff compensatory damages;

C) Award the Plaintiff his costs and a reasonable attorney's fee;

D) Enjoin the Defendant from continuing its discriminatory practices; and

E) Grant any and all appropriate relief, which the Court deems to be just and proper.

### Demand for Jury Trial

   Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Interstate Centre I
1620 W. Oakland Park Blvd.
Suite 300
Ft. Lauderdale, Florida 33311
(954) 527-0570 Telephone
(954) 523-5893 Telecopier
E-mail: mjb2157@aol.com
Fla. Bar No. 369391


Mark J. Berkowitz

Dated on this 2nd day of February, 2007.

9

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 07 - 60150

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DWAYNE FOSTER

**DEFENDANTS**

Norman MINETA, as Sec. of Dep. of Transp.

CIV - COOKE
MAGISTRATE JUDGE
BROWN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark Berkowitz 1620 W. Oakland
Park Blvd. Suite 300
Ft. Lauderdale, FL 33311

ATTORNEYS (IF KNOWN)

O:07CV60150 mc/STB

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                        AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED for filing D.C.
FEB 6 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| B☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff claims violations of Title VII, 42 U.S.C.
Section 2000e.

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
2/2/07

SIGNATURE OF ATTORNEY OF RECORD
mark J. Berkowitz

FOR OFFICE USE ONLY

RECEIPT # 589333    AMOUNT 350 (00)    APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____