UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-CIV-60150  COOKE/BROWN

DWAYNE E. FOSTER,

    *Plaintiff*,

v.

NORMAN MINETA, as Secretary
of the United States Department of
Transportation,

    *Defendant*.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendant's Motion for Summary Judgment [DE 39], filed March 24, 2008. Plaintiff failed to timely respond to this Motion as well as the Court's subsequent Order to Show Cause [DE 48]. Having reviewed the merits of the Motion, the evidence submitted in support thereof, and being satisfied that no genuine issue of material facts exists[1], I find that the Defendant's Motion for Summary Judgment should be granted.

---

[1] *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004)

> [T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must indicate that the merits of the motion were addressed.

(internal citations and quotation marks omitted).

Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Defendant asserts two bases for why summary judgment is appropriate: *first*, Defendant argues that Plaintiff cannot establish a *prima facie* case of discrimination or retaliation; and, *second*, Defendant argues that even if a *prima facie* case exists for either the discrimination or retaliation claim, Defendant had a legitimate non-discriminatory reason for the action taken, and Plaintiff cannot meet his burden to show that the reason was pretextual.

The evidence submitted by Defendant, namely Plaintiff's deposition and supporting exhibits, provides ample support to the arguments that Plaintiff cannot make out a *prima facie* case of discrimination or retaliation. In brief, Plaintiff has provided no evidence that similarly situated employees, not of Plaintiff's protected group (African-American), were treated more favorably. Plaintiff's deposition reveals only that other non-African-American employees were not disciplined for infractions involving use of government credit cards. However, Plaintiff did not show that these individuals were truly similarly situated. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."). Because their offenses took place at an earlier date, they may have been eligible for a credit card amnesty program not available to Plaintiff.

Moreover, there appear to be other factual differences between Plaintiff and his comparators. Some comparators infractions involved improper charges on government credit cards, unlike Plaintiff's infraction for non-payment. Additionally, there is no evidence in the record that any comparator's credit card was cancelled for non-payment, as was Plaintiff's.

As to the retaliation, Defendant has persuasively argued, and the record supports, that no causal link between Plaintiff's protected activity and any adverse action exists. Plaintiff was suspended for thirty days in early 2005 for misuse of his government credit card and for being absent without leave (AWOL). There is no evidence in the record that prior to this suspension Plaintiff initiated any EEO complaint or other activity. At best, Plaintiff claims to have written a letter to senior FAA management personnel and other senior officials in other agencies. There is no indication in Plaintiff's deposition that his supervisors were aware of this letter, let alone that his suspension was in retaliation for it.

Even if Plaintiff could establish a *prima facie* case of discrimination or retaliation, the Defendant has set forth evidence of legitimate non-discriminatory bases for its action sufficient to negate Plaintiff's claims. Defendant asserts that Plaintiff was suspended for the credit card infraction as well as for being AWOL. In support of this contention Defendant filed the unrebutted, sworn declaration of Barbara Ellison, an FAA Human Resources Specialist involved in the decision to suspend Plaintiff. Ms. Ellison stated that the decision to suspend Plaintiff was based on both his credit card infraction and his several AWOL occurrences, although either reason standing alone would have supported the thirty-day suspension.

Accordingly, Defendant's Motion for Summary Judgment [DE 39] is **GRANTED.** The Clerk shall **CLOSE** the Case. Any pending Motions are **DENIED** *as moot.*

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of May 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Magistrate Judge Stephen T. Brown*
*Counsel of Record*
*Dwayne Foster*
*Pro Se*
12 Edmund Road
West Park, Florida 33023